On petitioner's reconsideration of order of dismissal February 5, reconsideration allowed; former order adhered to April 12, 1982

## 1000 FRIENDS OF OREGON,
*Petitioner,*
*v.*
## MARION COUNTY et al,
*Respondents.*
(CA A23015)
643 P2d 652

Robert E. Stacey, Jr., Portland, for petitioner.

David B. Frohnmayer, Attorney General, and Mary J. Deits, Assistant Attorney General, Salem, for respondent Land Conservation and Development Commission.

Robert C. Cannon, Marion County Counsel, Salem, for respondent Marion County.

Before Thornton, Presiding Judge, Joseph, Chief Judge, and Warden, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

We allow reconsideration to clarify the basis for our dismissal of this appeal, in which petitioner 1000 Friends of Oregon seeks judicial review of the Land Conservation and Development Commission's continuance order issued to allow Marion County to bring its comprehensive land use plan and implementing regulations into conformance with the state-wide planning goals.

ORS 197.251(1) permits LCDC to grant, deny or continue acknowledgment of compliance with the state-wide planning goals with respect to a comprehensive plan. ORS 197.251(8) provides in relevant part:

"(a) 'Continuance' means a commission order that:

"(A) Certifies that a comprehensive plan, land use regulations or both a comprehensive plan and land use regulations do not comply with one or more goals;

"(B) Specifies amendments or other action that must be completed within a specified time period for acknowledgment to occur; and

"(C) Is a final order for purposes of judicial review of the comprehensive plan, land use regulations or both the comprehensive plan and land use regulations as to the goals with which the plan, regulations or both the plan and regulations are in compliance."

This statute, enacted by Or Laws 1981, ch 748, § 7, expressly allows "interim" appeals from continuance orders with respect to a comprehensive plan, implementing regulations or both, as to the goals with which plan or regulations are in compliance.

The continuance order here states that the comprehensive plan and implementing measures comply with all state-wide planning goals except Goals 3 and 5:

"1. The Marion County comprehensive plan and implementing measures comply with Statewide Planning Goal(s) 1, 2, 4, 6-13 and 15 for the reasons set forth in Section IV of the Department's report, which is attached hereto and incorporated herein.

"2. Marion County's comprehensive plan and implementing measures do not yet comply with Statewide Planning Goal(s) 3 and 5 for reasons set forth in Section IV of the Department's report."

1000 Friends seeks judicial review of the implementing regulations with respect to Goal 3 and argues that, by scrutinizing the report attached to the order and incorporated by reference, it becomes clear that only the comprehensive plan was found to violate Goal 3. Hence, arguably, all the implementing regulations impliedly comply with Goal 3; it is that implied finding of compliance that is asserted here to be judicially reviewable under ORS 197.251(8)(a)(C). The trouble with this rationale is that compliance must be inferred from the supporting report. It is an odd notion of reviewability that a supporting document must be searched in order to ascertain an implied finding of compliance from which an appeal can be taken. Furthermore, the order itself expressly states that the plan and the implementing regulations violate Goals 3 and 5. That conflicts with any implied finding that the regulations comply with Goal 3.

We hold that when a continuance order specifies whether the plan or implementing regulations or both comply with certain goals, only that *express* finding of compliance is judicially reviewable.

Reconsideration allowed; former order adhered to.