On petitioner's reconsideration of order of dismissal February 5,
reconsideration allowed; former order adhered to April 12, 1982

1000 FRIENDS OF OREGON,
*Petitioner,*

*v.*

LAND CONSERVATION AND DEVELOPMENT
COMMISSION et al,
*Respondents.*

(CA A23041)

643 P2d 654

Richard P. Benner, Portland, for petitioner.

Mary J. Deits, Assistant Attorney General, Salem, for
respondent LCDC.

Richard T. Ligon, Corvallis, for respondent Benton
County.

Before Thornton, Presiding Judge, Joseph, Chief Judge,
and Warden, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

We allow reconsideration to clarify the basis for our dismissal of this appeal, in which petitioner 1000 Friends of Oregon seeks judicial review of the Land Conservation and Development Commission's continuance order concerning Benton County's comprehensive plan and implementing ordinances.

This case is similar to *1000 Friends v. Marion County,* 56 Or App 755, 643 P2d 652 (1982), but our analysis is different. The continuance order here states that the comprehensive plan and the implementing regulations do not comply with state-wide planning Goal 3 (Agricultural Lands). Contained in the supporting report incorporated in the continuance order is an explicit finding that one implementing regulation pertaining to farmstead partitions does comply with Goal 3. In *1000 Friends v. Marion County,* we held that an express finding of non-compliance in the LCDC order is controlling as against an inference of compliance to be gleaned from the report. 1000 Friends argues here that an express finding that one of the implementing regulations complies with a state-wide goal is judicially reviewable, because the legislature intended that *part* of a comprehensive plan or certain of the regulations be reviewable at the earliest possible opportunity. That interpretation is belied by the language of the governing statute. ORS 197.251(8)(a)(C) provides that a continuance order

> "* * * [i]s a final order for purposes of judicial review of the comprehensive plan, land use regulations or both the comprehensive plan and land use regulations as to the goals with which the plan, regulations or both the plan and regulations are in compliance."

1000 Friends confuses the severability of the state-wide planning goals in this context with the severability of the plan or the regulations. The statute treats the comprehensive plan as a unit, the regulations as a unit, or both as a unit. We cannot conclude that the legislature intended, for example, that LCDC's finding that one geographical area included in a county's comprehensive plan complied with a state-wide goal was meant to be reviewable in advance of review of the entire plan with respect to that goal. We hold

that judicial review of a continuance order is authorized with respect to one or more state-wide planning goals only where the entire plan or all the regulations, or both, are explicitly found to comply.

Reconsideration allowed; former order adhered to.